UNITED STATES COURT OF APPEALS
**Filed 8/21/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARY J. MEYER,

      Defendant-Appellant.

No.96-5052
(N. Dist. Oklahoma)
(D.C. No. 92-C-697-B)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mary J. Meyer brings her *pro se* claim under 28 U.S.C. § 2255 seeking to vacate her convictions and sentences. Meyer claims that as a result of two separate forfeitures of property, her convictions and sentences constituted double jeopardy.[1] The district court denied her motion. This court has jurisdiction pursuant to 28 U.S.C. § 2253 and affirms the district court's dismissal of Meyer's habeas petition.

A twenty-three count indictment was returned against Meyer in the United States District Court for the Northern District of Oklahoma. On December 20, 1991, Meyer was convicted by a jury on all counts, which included twenty counts of interstate transmission of wagering information, or aiding and abetting in its transmission, in violation of 18 U.S.C. § 1084 and three counts of money laundering in violation of 18 U.S.C. § 1956. Subsequently, the United States sought the forfeiture of certain items of property in connection with the criminal violations. Two separate forfeiture proceedings were brought under 18 U.S.C. § 981. The first resulted in a judgment of forfeiture against a vehicle, entered on July 17, 1992. The second proceeding resulted in the forfeiture of $6142.33,

---

[1]Meyer also moves this court to grant her a certificate of probable cause, which this court hereby does. We note that Meyer filed her notice of appeal on February 20, 1996. This date is prior to the President's signing of significant amendments to habeas corpus proceedings in the form of the "Antiterrorism and Effective Death Penalty Act of 1996." As a result, we do not consider the effect of these new provisions to Meyer's appeal. *Edens v. Hannigan*, 87 F.3d 1109, 1111 n.1 (10th Cir. 1996).

which is a portion of the proceeds from the sale of real property known as 7606 East 80th Place, Tulsa, Oklahoma. This second judgment of forfeiture was entered February 24, 1993.

Meyer asks this court to hold that her convictions and sentences violated the Double Jeopardy Clause and seeks their vacation. Meyer's convictions and sentences, however, could not have constituted double jeopardy, occurring, as they did, prior to the forfeiture actions. But neither can the forfeiture proceedings have placed Meyer in double jeopardy because these actions were in rem, civil proceedings which are not forms of punishment. In *United States v. Ursery*, the Supreme Court held that 18 U.S.C. § 981 was intended to be an impersonal, in rem, civil proceedings. No. 95-345, slip op. at 20-21 (U.S. June 24, 1996). The Court determined that proceedings under 18 U.S.C. § 981 were not punitive in nature and did not serve as "punishment" for Double Jeopardy Clause purposes. *Id.* at 22, 24.

The forfeiture proceedings here occurred pursuant to 18 U.S.C. § 981 and they were thus not punishment which would have subjected Meyer to double

jeopardy. The district court is thus AFFIRMED and Meyer's habeas petition is hereby DISMISSED.

Entered for the Court


Michael R. Murphy
Circuit Judge